WILLIAM M. HARRIS, JR., *vs.* HARLAN A. PAGE, JR.

PROVIDENCE—DECEMBER 27, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Mechanic's Liens.    Amendment of Account.*

An account lodged in the office of the recorder of deeds for the purpose of commencing legal process to enforce a lien under Gen. Laws cap. 206, cannot be subsequently amended.

Distinguishing *Murphy* v. *Guisti*, 22 R. I. 588.

MECHANIC'S LIEN.    Heard on motion to amend account, and motion denied.

(1)    PER CURIAM.    The petitioner moves for leave to amend the accounts filed in the recorder's office of the city of Providence for the commencement of legal process to establish a lien on the real estate of the respondent for materials furnished in the erection of buildings thereon.

As said in *Murphy* v. *Guisti*, 22 R. I. 588, "The notice is to inform both the owner and the public of the nature and extent of the account or demand for which the lien is sought, and it must be exact enough for that."

It cannot be exact enough to state the extent of the lien claimed if the account can be extended or items added after the filing of the account as required by statute. In the case just cited it was held that the notice was not void because it claimed more than the petitioner was entitled to, but the purpose of the statute evidently precludes an allowance of the converse of the decision—that a petitioner may recover more than he has claimed according to the statute.    See also *Blackmar* v. *Sharp,* 23 R. I. 412.

The petition is denied.

*Henry W. Hayes and John Henshaw,* for petitioner.
*Cooke & Angell,* for mortgagees.